**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RONNIE MONTGOMERY,<br>            Appellant, | DOCKET NUMBER<br>AT-0752-20-0275-I-3 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>            Agency. | DATE: April 19, 2023 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Peggy Lee, Esquire, Memphis, Tennessee, for the appellant.

Eric B. Fryda, Esquire, Dallas, Texas, for the agency.

James M. Reed, Esquire, Clearwater, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which (1) reversed his placement on enforced leave, (2) found that he proved his affirmative defense of union reprisal, (3) found that he failed to prove his affirmative defenses of disability discrimination, reprisal based on equal

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

employment opportunity (EEO) activity, harmful procedural error, and violation of his due process rights, (4) dismissed his claim arising under the Family and Medical Leave Act (FMLA) for lack of jurisdiction, and (5) dismissed his race discrimination claim as untimely raised. For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the administrative judge's reversal of the enforced leave action and the following findings: the appellant proved his affirmative defense of reprisal for union activity; the appellant failed to prove his affirmative defenses of disability discrimination, EEO reprisal, harmful procedural error, and violation of due process rights; and the Board lacks jurisdiction over the appellant's FMLA claims. We VACATE the finding that the appellant failed to timely raise an affirmative defense of race discrimination, and we REMAND the appeal to the regional office for further adjudication of that defense in accordance with this Remand Order.

**BACKGROUND**

¶2      On March 16, 2022, the administrative judge issued the initial decision in this matter. *Montgomery v. U.S. Postal Service*, MSPB Docket No. AT-0752-20-0275-I-3, Appeal File (0275 I-3 AF), Tab 17, Initial Decision (0275 ID).[2]

---

[2] This appeal was dismissed without prejudice and refiled twice. Hereinafter, the appellant's first appeal file, *Montgomery v. U.S. Postal Service*, MSPB Docket No. AT-0752-20-0275-I-1, will be referred to as the Initial Appeal File (0275 IAF); the refiled appeal file, *Montgomery v. U.S. Postal Service*, MSPB Docket No. AT-0752-20-0275-I-2, will be referred to as the I-2 Appeal File (0275 I-2 AF); and the second refiled appeal file, *Montgomery v. U.S. Postal Service*, MSPB Docket No. AT-0752-20-0275-I-3, will be referred to as the I-3 Appeal File (0275 I-3 AF).

The appellant has a second appeal concerning his claim that the agency violated his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). That appeal was dismissed without prejudice and refiled twice. Hereinafter, the appellant's first appeal file in the USERRA matter, *Montgomery v. U.S. Postal Service*, MSPB Docket No. AT-4324-20-0730-I-1, will be referred to as the Initial Appeal File (0730 IAF); the refiled appeal file in the USERRA matter, *Montgomery v. U.S. Postal Service*, MSPB Docket No. AT-4324-20-0730-I-2, will be referred to as the I-2 Appeal File (0730 I-2 AF); and the second refiled appeal file,

The initial decision explained that it would become final on April 20, 2022, unless a petition for review was filed by that date. *Id.* at 19. Neither party filed a petition for review by that date; however, 21 days later, on May 11, 2022, the appellant filed this petition for review, wherein he asserted the following: (1) the administrative judge erred in finding that the appellant did not timely raise his affirmative defense of race discrimination; and (2) the administrative judge erred in dismissing his claims arising under the FMLA and the Wounded Warriors Federal Leave Act of 2015 (WWFLA) for lack of jurisdiction. *Montgomery v. U.S. Postal Service*, MSPB Docket No. AT-0752-20-0275-I-3, Petition for Review (0275 PFR) File, Tab 1 at 5-8. The agency has not filed a response.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

We find good cause to waive the filing deadline for the appellant's petition for review, which was untimely by 21 days.

¶3    The appellant's petition for review is untimely by 21 days. *See* 5 C.F.R. § 1201.114(e) (providing that a petition for review must generally be filed within 35 days of issuance of the initial decision). The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To determine whether an appellant has shown good cause for the untimely filing of an appeal, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is

---

*Montgomery v. U.S. Postal Service*, MSPB Docket No. AT-4324-20-0730-I-3, will be referred to as the I-3 Appeal File (0730 I-3 AF).

[3] After the close of the record on review, the appellant filed a pleading titled, "Petition for Enforcement of Interim Relief." 0275 PFR File, Tab 4. The agency has filed a response, and the appellant has filed a reply. 0275 PFR File, Tabs 5-6. The appellant's petition for enforcement is denied because the Board's regulations do not allow for a petition for enforcement of an interim relief order. *Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 6. If the appellant believes that the agency is not in compliance with this Order, he may file a petition for enforcement with the regional office in accordance with ¶ 15.

proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶4      We find that the appellant has established good cause for his untimely filing. Although it appears that he was confused about Board procedures, he acted diligently in pursuing this petition for review, as set forth herein. On February 12, 2020, the appellant filed a Board appeal concerning his placement on enforced leave. 0275 IAF, Tab 1 at 3, 9-11. The appeal was dismissed without prejudice and then refiled in August 2020. 0275 I-2 AF, Tab 1. In his refiled appeal, the appellant asserted that the agency violated his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). *Id.* at 5. The administrative judge docketed the USERRA appeal under a separate docket number. 0730 IAF, Tab 1. This appeal, concerning the enforced leave action, and the second appeal, alleging that the agency violated the appellant's USERRA rights, were pending before the administrative judge simultaneously. On March 2 and 3, 2022, the administrative judge conducted a joint hearing on both appeals and, on March 16, 2022, he issued a separate initial decision in each matter. 0275 ID; 0730-I-3 AF, Tab 20, Initial Decision (0730 ID). Both initial decisions contained a notice stating that the decisions would become final on April 20, 2022, unless a petition for review was filed on or before that date. 0730 ID at 8; 0275 ID at 19.

¶5      On April 20, 2022, the appellant filed a request for an extension of time to file a petition for review of the initial decision finding that the agency did not violate his USERRA rights. *Montgomery v. U.S. Postal Service*, MSPB Docket No. AT-4324-20-0730-I-3, Petition for Review (0730 PFR) File, Tab 1. His

request was granted by the Clerk of the Board (Clerk). 0730 PFR File, Tab 2. The appellant did not request an extension of time to file a petition for review of the initial decision reversing his placement on enforced leave and ruling on his affirmative defenses.

¶6      In accordance with the Clerk's extension order, on April 26, 2022, the appellant timely filed a petition for review of the initial decision finding that the agency did not violate his USERRA rights. 0730 PFR File, Tab 3. The petition for review bore the docket numbers for both the USERRA appeal and the enforced leave appeal, and it contained argument relevant to both appeals. *Id.* at 5-11. On April 26, 2022, the Clerk issued a letter informing the appellant that the appeals had not been joined and, if the appellant wished to file a petition for review of the initial decision that reversed his placement on enforced leave, he must either file a notice with the Clerk regarding his intent to construe the petition for review under both docket numbers or file a separate petition for review in the enforced leave appeal. 0730 PFR File, Tab 4 at 1 n.*. On May 11, 2022, the appellant filed the instant petition for review, wherein he repeated arguments that were already raised in the petition for review that was filed in the USERRA matter. *Compare* 0275 PFR File, Tab 1, *with* 0730 PFR File, Tab 3.

¶7      When, as here, an appellant asserts that he has delayed filing a petition for review due to confusion, the Board has held that the confusion must relate to a specific ambiguity in the instructions he received or in Board procedure. *Noble v. U.S. Postal Service*, [73 M.S.P.R. 59](), 63 (1997). Based on the record, it appears that the appellant was confused about the requirement to file a separate petition for review concerning each initial decision and that he intended his April 26, 2022 petition for review, which was filed in the USERRA matter, to apply to both appeals. 0730 PFR File, Tab 3. After the Clerk notified the appellant that it was construing his April 26, 2022 petition for review as applying only to the USERRA appeal, the appellant filed a petition for review of

the initial decision reversing the enforced leave action. 0275 PFR File, Tab 1. The petition for review in the enforced leave appeal repeats arguments that the appellant already raised in the April 26, 2022 petition for review. *Compare* 0275 PFR File, Tab 1, *with* 0730 PFR File, Tab 3. We note that the April 26, 2022 petition for review was timely filed in accordance with the Clerk's extension order, and we find it is plausible that the appellant believed that the extension request applied to both appeals. 0730 PFR File, Tabs 1-4. We have considered that the appellant indicated he was acting pro se at the time of filing his petition for review and the agency has not filed a brief in opposition to the appellant's petition for review or alleged any prejudice to its substantive rights arising out of any filing delay. *See Moorman*, 68 M.S.P.R. at 62-63. Accordingly, we find that good cause exists to waive the filing deadline.

<u>We remand this appeal for consideration of the appellant's affirmative defense of race discrimination.</u>

¶8      On review, the appellant asserts that the administrative judge did not adjudicate his affirmative defense of race discrimination. 0275 PFR File, Tab 1 at 5-6. In the initial decision, the administrative judge noted that the appellant submitted evidence related to a race discrimination claim, but he found that the appellant had failed to raise the claim prior to or during the prehearing conference and effectively dismissed the claim as untimely. 0275 ID at 11 n.8 (quoting [5 C.F.R. § 1201.24](b) (stating that an appellant may not raise an affirmative defense for the first time after the prehearing conference, except for good cause shown)). We disagree. The appellant included reference to race discrimination in both his initial appeal and in his prehearing submissions. 0275 IAF, Tab 1 at 15; 0275 I-3 AF, Tab 8 at 5. Accordingly, we find that the appellant timely raised an affirmative defense of race discrimination and remand is warranted to adjudicate this claim.[4] *Alarid v. Department of the Army*,

---

[4] Although we acknowledge that the administrative judge found that the appellant's evidence concerning his race discrimination claim appeared to be altered, 0275 ID at 11

122 M.S.P.R. 600, ¶ 7 (2015) (finding that remand was warranted for adjudication of affirmative defenses that were timely raised during the proceedings but were not considered at the hearing).

¶9     Although not raised by the appellant is his petition for review, we note that his second refiled appeal contains additional affirmative defenses that were not adjudicated by the administrative judge, including sex discrimination, retaliation for reporting unsafe working conditions, and alleged violations of the collective bargaining agreement.  0275 I-3 AF, Tab 1 at 7-12.  Pursuant to *Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 18, we find that the appellant has abandoned these claims for the following reasons:  (1) he provided little to no argument in support of these defenses in his refiled appeal or in any other filing; (2) there is no evidence that the appellant continued to pursue these defenses after raising them in his second refiled appeal, and he did not raise them in his prehearing submission, 0275 I-3 AF, Tab 8; (3) the appellant did not object to the administrative judge's prehearing conference orders, which did not list these affirmative defenses, 0275 I-2 AF, Tab 9 at 2-7; 0275 I-3 AF, Tab 9 at 2-5; (4) the appellant did not raise these issues in his petition for review; (5) the appellant was represented throughout the course of the appeal, up to, and including at, the hearing; and (6) there is no evidence in the record that the appellant was confused about abandonment of these claims.  Sparse information regarding a potential affirmative defense, like the appellant provided in his second refiled appeal, amounts to little more than a pro forma allegation of

---

n.8, remand is required in any event because the appellant was not advised of his burden and methods of proof for proving an affirmative defense of race discrimination. *See Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶¶ 12-13 (2010) (holding that, when an administrative judge does not inform the parties of their burden and methods of proof, the Board must remand the appeal so that the administrative judge can afford such notice and an opportunity to submit evidence and argument), *overruled in part on other grounds by Thurman v. U.S. Postal Service*, 2022 MSPB 21.

wrongdoing, which supports a finding of abandonment. *See Thurman*, 2022 MSPB 21, ¶ 19.

We affirm the administrative judge's finding that the Board lacks jurisdiction over the appellant's FMLA claims.

¶10    The appellant also argues on review that the agency denied him the ability to use "paid medical leave" pursuant to the FMLA and the WWFLA. 0275 PFR File, Tab 1 at 6-8. Regarding the WWFLA, the administrative judge noted in the initial decision in the appellant's USERRA appeal that the appellant failed to present evidence that the agency denied a request for leave pursuant to the WWFLA. 0730 ID at 7. As to the appellant's FMLA claim, the administrative judge correctly noted the appellant may invoke the FMLA as a defense to a leave-related action, such as a charge of absent without leave, but alleged FMLA violations are not an independent cause of action before the Board. 0275 ID at 15-16 (citing *Lua v. U.S. Postal Service*, 87 M.S.P.R. 647, ¶ 12 (2001)). In any event, because the administrative judge reversed the enforced leave action on the merits and ordered back pay, there is no need to adjudicate the appellant's FMLA or WWFLA claims because there is no additional relief that the Board could order in connection with those claims. *See Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶ 8 (2016) (dismissing an affirmative defense wherein the underlying personnel action was rescinded and there was no additional relief that the Board could order in connection with that defense).

**ORDER**

¶11    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall inform the appellant of his burden of proof regarding his affirmative defense of race discrimination, afford the parties an additional opportunity to conduct discovery on this issue, and hold a supplemental hearing, if requested. The administrative judge shall issue a new

initial decision that addresses the appellant's affirmative defense of race discrimination and its effect on the outcome of the appeal, if any.[5]

¶12     Notwithstanding the remand proceedings on the appellant's race discrimination claim, we ORDER the agency to cancel the appellant's placement on enforced leave and restore the appellant to duty effective January 13, 2020. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶13     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶14     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶15     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition

---

[5] The Board's regulations provide that a request for attorney fees must be made within 60 days after issuance of a final decision, 5 C.F.R. § 1201.203(d). In this case, the time limit for filing such a request will not begin to run until the decision on remand is final. *See Aldridge v. Department of Agriculture*, 111 M.S.P.R. 670, ¶ 23 n.4 (2009).

should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶16    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.