UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
2022 MSPB 1

Docket No. SF-315H-17-0558-I-1

**Tahuana Bryant,**

**Appellant,**

**v.**

**Department of the Army,**

**Agency.**

March 24, 2022

Tahuana Bryant, Pearl City, Hawaii, pro se.

Teresa M. Garcia, Fort Shafter, Hawaii, for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## OPINION AND ORDER

¶1      The agency has filed a petition for review of the initial decision, which reversed the appellant's termination for lack of due process. For the reasons discussed below, we GRANT the agency's petition for review, VACATE the initial decision, and DISMISS the appeal for lack of jurisdiction.

## BACKGROUND

¶2      The agency appointed the appellant to the position of Nurse effective June 13, 2016. Initial Appeal File (IAF), Tab 4 at 41. The original Standard Form 50 (SF-50) documenting this appointment indicated that it was subject to a 1-year probationary period. *Id.* Several months later, the agency issued another

SF-50, correcting the earlier one to instead indicate that the appointment was subject to a 2-year probationary period. *Id*. at 40.

¶3    In a letter dated June 9, 2017, the agency explained that it was terminating the appellant during her probationary period for failing to meet conditions of her employment and delay in carrying out instructions. *Id*. at 13-14. However, the agency did not effectuate her termination until July 10, 2017, more than 1 year, but less than 2 years, after her initial appointment. *Id*. at 12.

¶4    The appellant filed the instant appeal, suggesting that her termination was improper because she was on leave for medical reasons during much of the relevant period. IAF, Tab 1 at 5. The administrative judge issued an acknowledgment order, instructing both parties to address whether the Board has jurisdiction over the instant appeal. IAF, Tab 2. In response, the agency argued that the termination was outside the Board's jurisdiction. IAF, Tabs 4-6. The appellant did not respond. Subsequently, the administrative judge issued an initial decision that reversed the agency's action. IAF, Tab 7, Initial Decision (ID). She found that the appellant met the definition of an "employee" with Board appeal rights under chapter 75 because she had completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. ID at 3. The administrative judge further found that the agency did not provide the appellant with an opportunity to respond to her termination letter, and thus deprived her of due process. ID at 4.

¶5    The agency has filed a petition for review, reasserting that the Board lacks jurisdiction over the appellant's termination. Petition for Review (PFR) File, Tab 1. The appellant has filed a response. PFR File, Tab 4. She also has filed what she titles as a petition for enforcement, questioning whether the agency provided full interim relief. PFR File, Tab 3.

## ANALYSIS

### The agency has submitted sufficient evidence of compliance with the interim relief order.

The appellant's petition for enforcement is denied because the Board's regulations do not allow for a petition for enforcement of an interim relief order. *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 20 (2016); *see* 5 C.F.R. § 1201.182(a)-(b) (providing for petitions for enforcement of final Board orders). We instead consider the appellant's pleading as a challenge to the agency's certification of compliance. *Elder*, 124 M.S.P.R. 12, ¶ 20; 5 C.F.R. § 1201.116(b). Therein, the appellant asserts that the agency should pay her back pay from the effective date of her termination. PFR File, Tab 3 at 4. However, she is mistaken.

When, as here, the appellant was the prevailing party in the initial decision and interim relief was ordered, a petition for review filed by the agency must be accompanied by a certification that the agency has complied with the interim relief order. *Elder*, 124 M.S.P.R. 12, ¶ 18. When a petition for review is filed, an agency is required to pay back pay and associated benefits from the date on which the initial decision was issued. 5 U.S.C. § 7701(b)(2)(A); *Sanders v. Department of Homeland Security*, 122 M.S.P.R. 144, ¶ 8, *aff'd per curiam*, 625 F. App'x 549 (Fed. Cir. 2015). Here, the agency certified that it instructed the appellant to return to work effective October 20, 2017, the date of the initial decision. PFR File, Tab 1 at 10−15. With its petition for review, the agency filed the email in which it instructed the appellant to return to duty, and a Standard Form 52 reflecting her reinstatement effective October 20, 2017. *Id.* at 12-15. The Board previously has found such evidence sufficient to establish compliance with an interim relief order. *Caryl v. Department of Treasury*, 53 M.S.P.R. 202, 206 (1992). Additionally, with her petition for enforcement, the appellant provided evidence that the agency was processing her back pay and benefits between October 20 and November 27, 2017, the date the agency instructed her to report

to duty.  PFR File, Tab 1 at 15, Tab 3 at 4, 11, 13-17.  Because there is no dispute that the agency was in the process of providing the appellant with this relief at the time it filed its petition for review, we deny the appellant's request for additional back pay and benefits, and consider the agency's petition for review.[1]

The appellant was terminated during her 2-year probationary period.

¶8        The definition of an employee with adverse action appeal rights to the Board under chapter 75 is found at 5 U.S.C. § 7511(a)(1).  *Calixto v. Department of Defense*, 120 M.S.P.R. 557, ¶ 7 (2014).  That section provides that an individual appointed to a competitive-service position is an employee with appeal rights if she "is not serving a probationary or trial period under an initial appointment," or "has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less."  *Id*.  On November 25, 2015, President Obama signed into law the National Defense Authorization Act for Fiscal Year 2016 (2016 NDAA), Pub. L. No. 114-92, 129 Stat. 726 (2015). The 2016 NDAA added an exception to the definition of employee.  Pub. L. No. 114-92, § 1105, 129 Stat. 726, 1023-24 (codified as relevant here at 10 U.S.C. § 1599e (2016) and 5 U.S.C. § 7511(a)(1)(A)(ii) (2016)).  The amended statute defined a competitive-service "employee" for purposes of chapter 75 appeal rights as follows:

> (A) an individual in the competitive service—
>
>> (i) who is not serving a probationary or trial period under an initial appointment; or
>>
>> (ii) *except as provided in section 1599e of title 10*, who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less[.]

5 U.S.C. § 7511(a)(1)(A)(i)-(ii) (emphasis added).

---

[1] Neither party has indicated whether the appellant did, in fact, return to duty on November 27, 2017.

Section 1599e provided, inter alia, that individuals appointed to a permanent competitive-service position at the Department of Defense (DOD) were subject to a 2‑year probationary period and only qualified as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii) (2016) if they completed 2 years of current continuous service.[2] 10 U.S.C. § 1599e(a), (b)(1)(A), (d) (2016). On December 27, 2021, President Biden signed into law the National Defense Authorization Act for Fiscal Year 2022 (2022 NDAA), Pub. L. No. 117-81, 135 Stat. 1541. The 2022 NDAA repealed the 2-year probationary period for DOD appointments made on or after December 31, 2022. Pub. L. No. 117-81, § 1106, 135 Stat. 1541, 1950.

¶9      As the agency correctly argues on review, the administrative judge failed to recognize 10 U.S.C. § 1599e and the aforementioned amendment to 5 U.S.C. § 7511(a)(1)(A)(ii) (2016), instead relying on the latter as it previously was written. PFR File, Tab 1 at 7-8; ID at 3. Taking those statutes into account, it is evident that the appellant was not an "employee" with chapter 75 appeal rights. Because the appellant was appointed on June 13, 2016, before the effective date that the 2016 NDAA was repealed, she was subject to a 2-year probationary period. IAF, Tab 4 at 41. She had not yet completed a 2-year probationary period or 2 years of current continuous service in her competitive-service position

---

[2] For purposes of 10 U.S.C. § 1599e, the "Department of Defense" included the Department of the Army. *See* 10 U.S.C. § 101(a)(6) (defining DOD for title 10 as including "the executive part of the department, including the executive parts of the military departments, and all field headquarters, forces, reserve components, installations, activities, and functions under the control or supervision of the Secretary of Defense, including those of the military departments"), (8) (defining the military departments as including the Departments of the Army, Navy, and Air Force). Because the term being defined here is "Department of Defense" under title 10, this situation is distinguishable from those in which the Board has found that a military department is a separate "agency" from DOD for purposes of title 5. *See, e.g.*, *Washburn v. Department of the Air Force*, 119 M.S.P.R. 265, ¶¶ 5-8 (2013) (explaining that the Department of the Air Force and DOD are separate and independent agencies for purposes of the right to compete provision of the Veterans Employment Opportunities Act of 1998).

when the agency terminated her employment. IAF, Tab 4 at 12-14, 40-41. Therefore, her termination appeal is outside the Board's jurisdiction.

¶10    The appellant does not present any argument concerning the effect of the aforementioned statutes.[3] Instead, she simply reasserts that she completed 1 year of current continuous service before her removal, and that 1 year was all that was required to satisfy her probationary period. PFR File, Tab 4 at 4. In doing so, the appellant points to the vacancy announcement and the original SF-50 that followed her appointment, each of which reflected that the position required only a 1-year probationary period. IAF, Tab 4 at 41; PFR File, Tab 4 at 8. Nevertheless, the statutes control the Board's jurisdiction in this case, not the agency's misstatements. *See Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (recognizing that the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation); *Grigsby v. Department of Commerce*, 729 F.2d 772, 776 (Fed. Cir. 1984) (finding that an "SF-50 is not a legally operative document controlling on its face an employee's status and rights"); *see also Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (2009) (explaining that an agency's erroneous notification of appeal rights cannot expand the Board's limited jurisdiction); *cf. Williams v. Merit Systems Protection Board*, 892 F.3d 1156, 1162-63 (Fed. Cir. 2018) (recognizing that an agency's failure to advise an employee that he would lose his Board appeal rights if he voluntarily transferred to a different position did not create appeal rights). The controlling statutes clearly establish that the threshold for the appellant to become a permanent competitive-service employee with chapter 75 appeal rights was 2 years. Absent

---

[3] The appellant also states no basis for invoking the Board's limited regulatory jurisdiction over probationary terminations, despite being informed of the same. IAF, Tab 2 at 2-3; *see* 5 C.F.R. § 315.806 (providing for Board jurisdiction over claims that a competitive-service probationary appointee's termination was for certain prohibited reasons).

jurisdiction over the appellant's termination, we cannot review whether the agency denied her due process. *See Smith v. Department of Defense*, 106 M.S.P.R. 228, ¶ 13 (2007) (explaining that the Board has no jurisdiction to review constitutional claims that are not coupled with independently appealable actions). We therefore must vacate the initial decision and dismiss the appeal for lack of jurisdiction.

## ORDER

¶11     This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:


/s/
_____

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.