# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEAN M. FREDERICK,
  Appellant,

v.

TENNESSEE VALLEY AUTHORITY,
  Agency.

DOCKET NUMBER
AT-0752-21-0494-I-1

DATE: August 18, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Marti L. Kaufman</u>, Esquire, Memphis, Tennessee, for the appellant.

<u>Courteney M. Barnes-Anderson</u>, Esquire, and <u>John E. Slater</u>, Esquire, Knoxville, Tennessee, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which reversed the appellant's demotion. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We also DENY the appellant's motion to dismiss the agency's petition for review and DENY the appellant's petition for enforcement of the interim relief order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 On April 30, 2021, the agency sent a letter to the appellant proposing his demotion from his position as Paradise Site Manager, Combined Cycle Plant, for alleged violations of agency policy. Initial Appeal File (IAF), Tab 7 at 55. Specifically, the agency stated that an investigation had substantiated allegations that the appellant made inappropriate comments and improperly gave gifts to his subordinate employees. *Id.* By letter dated June 1, 2021, the agency sustained the appellant's demotion to a "first line leader" position, effective June 21, 2021. *Id.* at 21-22; IAF, Tab 53, Initial Decision (ID) at 1 n.1.

¶3 The appellant filed an appeal with the Board. IAF, Tab 1. Although a hearing was held, the agency elected not to present witness testimony or other documents in support of its charge, instead relying on documents in its agency file, including a summary of an investigation conducted by the agency. ID at 3 & n.5; Hearing Recording. The investigative summary did not include underlying documents such as sworn or unsworn witness statements or recordings, and it did

not include the identity of any witnesses. IAF, Tab 7 at 60-69. In an initial decision, the administrative judge reversed the agency's action, finding that the agency failed to meet its burden to prove the charges by preponderant evidence. ID at 3-9. He ordered the agency to retroactively restore the appellant to his position of Paradise Site Manager, Combined Cycle Plant, effective June 21, 2021, and he ordered the agency to provide interim relief if a petition for review was filed by either party. ID at 9-11. Consistent with 5 C.F.R. § 1201.116(a), the administrative judge instructed the agency that a petition for review must be accompanied by a certification that it complied with the interim relief order. ID at 10-11.

¶4 The agency has filed a petition for review, the appellant has filed a response, and the agency has filed a reply. Petition for Review (PFR) File, Tabs 1, 6-7. The appellant has filed a motion to dismiss the agency's petition for review, and the agency has filed a response. PFR File, Tabs 3, 5. The appellant has also filed a petition for enforcement, and the agency has filed a response. PFR File, Tabs 8-9.

We deny the appellant's motion to dismiss the agency's petition for review and his motion for enforcement.

¶5 The appellant has requested that the Board dismiss the agency's petition for review because it failed to include a certification that it had complied with the interim relief order. PFR File, Tab 3 at 4-5; *see* 5 C.F.R. § 1201.116(e). One day after the appellant filed his motion to dismiss, the agency filed a pleading certifying that it had complied with the interim relief order by reinstating the appellant to a Plant Manager position and paying him back pay. PFR File, Tab 4 at 4. We exercise our discretion to address the petition for review on the merits and deny the motion to dismiss. *See Thome v. Department of Homeland Security*, 122 M.S.P.R. 315, ¶ 16 (2015) (explaining that the Board's authority to dismiss an agency petition under 5 C.F.R. § 1201.116(e) is discretionary, not mandatory).

¶6    The appellant's petition for enforcement is also premised on the agency's purported failure to comply with the interim relief order. PFR File, Tab 8. The Board's regulations do not allow for a petition for enforcement of an interim relief order. *Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 6; *see* 5 C.F.R. § 1201.182(a) (providing for petitions for enforcement of final Board orders). The Board has treated a petition for enforcement of an interim relief order as a motion to dismiss the agency's petition for review. *See Jolivette v. Department of the Navy*, 100 M.S.P.R. 216, ¶ 5 n.1 (2005). As set forth above, we exercise our discretion to decide the petition for review on the merits and deny the petition for enforcement.[2]

## We deny the agency's petition for review and affirm the initial decision.

¶7    In its petition for review, the agency asserts that the administrative judge abused his discretion in disallowing certain evidence and that he erred in affording too little weight to the agency's investigative summary, which it argues substantiated the charges against the appellant. PFR File, Tab 1 at 9 n.7, 13-24. The agency has attached to its petition for review the document that it contends the administrative judge incorrectly declined to consider. *Id.* at 29-32.

¶8    We first find that the administrative judge did not abuse his discretion in denying the agency's motion to file additional evidence. Pursuant to the administrative judge's order, IAF, Tab 16 at 1, the agency filed its prehearing submissions on November 29, 2021, wherein the agency identified two hearing witnesses and stated that it was not filing additional prehearing exhibits because it intended to rely on documents already in the record, IAF, Tab 26 at 4-6. On April 13, 2022, the agency filed a motion entitled Motion to Amend Agency's Initial Response. IAF, Tab 38. In its motion, the agency asserted that it had recently learned that it inadvertently omitted a document from its initial response,

---

[2] If the appellant believes that the agency is not in compliance with this Final Order, he may file a petition for enforcement consistent with the procedures set forth in ¶¶ 12-15.

and it requested to add the document to the record. *Id.* at 4. The appellant opposed the agency's motion. IAF, Tab 39. The administrative judge denied the motion, finding that the deadline for submitting the agency file and prehearing submissions had expired and that the evidence the agency sought to introduce was not newly discovered. IAF, Tab 45 at 2.

¶9      The Board will not find reversible error in an administrative judge's discovery rulings absent an abuse of discretion that prejudiced the appellant's substantive rights. *See Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). The agency has not established that the administrative judge committed an abuse of discretion in denying as untimely its request to file additional evidence. *See Defense Intelligence Agency v. Department of Defense*, 122 M.S.P.R. 444, ¶ 16 (2015) (finding that the administrative judge did not abuse her discretion in failing to consider untimely prehearing submissions and closing brief); *Fritts v. Department of Homeland Security*, 102 M.S.P.R. 265, ¶ 15 n.2 (2006) (finding no abuse of discretion when the administrative judge excluded proffered exhibits because they were untimely submitted after the prehearing conference).

¶10     As to merits, the agency disagrees with the administrative judge's weighing of the evidence in the record and argues that he afforded too little weight to its investigative summary. PFR File, Tab 1 at 13-24. The Board generally will not disturb an administrative judge's conclusions when, as here, the initial decision reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987). The agency has not provided a basis to disturb the administrative judge's factual findings. To the extent the agency argues that the administrative judge disregarded the investigative summary entirely because it was hearsay, we disagree. PFR File, Tab 1 at 13-14. The administrative judge appropriately

considered several factors in determining the weight to afford the agency's hearsay evidence, and we agree with his conclusions. ID at 4-8 (identifying the factors to be weighed in considering hearsay evidence, pursuant to *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981), and applying those factors).

¶11    Based on the foregoing, we deny the agency's petition for review and affirm the initial decision reversing the appellant's demotion.

## ORDER

¶12    We ORDER the agency to cancel the appellant's demotion and to restore the appellant to the position of Paradise Site Manager, Combined Cycle Plant, effective June 21, 2021.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶13    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under Tennessee Valley Authority regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶14    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶15    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant

believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶16        For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:     /s/ for _____
                   Jennifer Everling
                   Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.