**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

HARRIEL BOLTON,
                Appellant,

        v.

DEPARTMENT OF THE ARMY,
                Agency.

DOCKET NUMBER
AT-315H-19-0724-I-1

DATE: May 23, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Herman E. Millender</u>, Esquire, Talladega, Alabama, for the appellant.

<u>Susan B. Bennett</u> and <u>Polly Russell</u>, Esquire, Anniston, Alabama, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal as untimely filed without good cause shown. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The Department of the Army hired the appellant in November 2015 as a Sandblaster to a term appointment not to exceed (NTE) 1 year. Initial Appeal File (IAF), Tab 1 at 6. In April 2018, the agency converted the appellant to a career-conditional Sandblaster position in the competitive service.[2] IAF, Tab 8 at 30-31. On September 27, 2018, the agency terminated the appellant during his probationary period based on 27 hours of absence without leave. *Id.* at 10-14. According to the agency, when it converted the appellant to a career-conditional appointment in April 2018, he became subject to a 2-year probationary period. *Id.* at 11. The agency's termination notice accordingly informed the appellant that he could appeal his termination to the Board if he believed the action was based on partisan political reasons or marital status. *Id.* The termination notice further informed the appellant that he had 30 calendar days to submit such an appeal. *Id.*

The appellant filed an appeal with the Board on August 20, 2019. IAF, Tab 1 at 1. According to the appellant, he learned on August 13, 2019, that he was incorrectly labeled a probationary employee and, as such, should have had "Due Process" before his termination. *Id.* at 3. Recognizing that his appeal was beyond the 30-day deadline to file, he argued that because he received the incorrect appeal rights, the deadline to file his appeal should be waived. He further suggested that his marital status played a role in his termination. *Id.*

The administrative judge informed the appellant that his appeal appeared to be untimely filed and outlined how the appellant could either demonstrate that his appeal was timely or that good cause existed for the delay in filing. IAF, Tab 4 at 2-4. The appellant responded, again asserting that he was incorrectly informed that he was a probationary employee, he should have been given 5 U.S.C. chapter 75 appeal rights as part of his termination, and because of the agency's

---

[2] The record is unclear as to how the appellant continued his employment as a Sandblaster after the expiration of his 1-year NTE, but it appears that he remained employed with the agency throughout this time. IAF, Tab 6 at 3, Tab 8 at 17.

misinformation, the deadline to file should be waived based on "Equitable Tolling." IAF, Tab 6 at 2. He further asserted that, after he was hired by the agency in November 2015, he worked for 2 1/2 years in the same duty station under the same job status. *Id.* at 3. Finally, he again suggested that his marital status, and in particular his interracial marriage, played a role in his termination. *Id.*

The administrative judge subsequently issued an initial decision dismissing the appeal as untimely filed. IAF, Tab 11, Initial Decision (ID) at 1. The administrative judge found that the appellant's deadline to file his appeal was October 29, 2018, and his appeal on August 20, 2019, was nearly 10 months late. ID at 2. The administrative judge further found that the appellant failed to establish good cause for the untimely filing and that the doctrine of equitable tolling did not apply. ID at 2-4. Because he found no good cause for the untimely filing, the administrative judge did not address the jurisdictional issues raised in the appeal. ID at 5.

The appellant has filed a petition for review, and the agency has responded. Petition For Review (PFR) File, Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The record is unclear as to whether the appellant is an "employee" with chapter 75 appeal rights, and thus whether he received the correct notice of appeal rights upon his termination.</u>

The appellant, both below and on review, asserts that he is an employee with chapter 75 appeal rights because he served in the same position for 2 1/2 years and was no longer a probationary employee. IAF, Tab 6 at 2-3; PFR File, Tab 1 at 2. According to the agency, the appellant was subject to a 2-year probationary period starting on April 15, 2018, the date he was converted to a career-conditional appointment. IAF, Tab 8 at 11, Tab 9 at 6. The administrative judge did not address this issue, and the record is not developed enough for us to resolve it on review.

To qualify as an "employee" with appeal rights under 5 U.S.C. § 7511, the appellant, as a competitive-service employee, must show that he is either not serving a probationary period or has completed 1 year of current continuous service under an appointment other than a temporary one limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A) (2016); *Baggan v. Department of State*, 109 M.S.P.R. 572, ¶ 5 (2008). An exception to this rule is that, if the appellant is a "covered employee" under 10 U.S.C. § 1599e (repealed 2022), he must show that he is not serving the 2-year initial probationary period prescribed under that section or that he has completed 2 years of current continuous service.[3] *Bryant v. Department of the Army*, 2022 MSPB 1, ¶¶ 8-9; *see* 5 U.S.C. § 7511(a)(1)(A) (2016). Prior Federal civilian service can be credited towards completion of a later probationary period in a competitive service position if the employee shows the following: (1) the prior service was rendered immediately preceding the probationary appointment; (2) it was performed in the same agency; (3) it was performed in the same line of work; and (4) it was completed with no more than one break in service of less than 30 days. *Baggan*, 109 M.S.P.R. 572, ¶ 5; 5 C.F.R. § 315.802(b); IAF, Tab 8 at 32, 35.

The record here demonstrates that the appellant was hired as a Sandblaster on November 16, 2015, NTE 1 year. IAF, Tab 1 at 6. The record suggests, but is not clear, that the appellant continued working in this capacity at least until 2018. IAF, Tab 8 at 17. On April 15, 2018, the appellant was converted to a Sandblaster by a career-conditional appointment in the competitive service. *Id.* at 30-31. Although it appears as though the appellant's prior Federal civilian service is creditable towards his probationary period, the record is unclear regarding the specifics about his work between his initial hiring in 2015 and his conversion in 2018. Moreover, it is unclear whether the work performed in the interim was in the same line of work and without any breaks in service. On

---

[3] An employee in the competitive service with the Department of the Army, being a component of the Department of Defense, is a "covered employee." 10 U.S.C. § 1599e(b)(1); *Bryant v. Department of the Army*, 2022 MSPB 1, ¶¶ 8-9.

remand, the administrative judge shall inform the appellant of his burden of establishing jurisdiction and provide him with an opportunity to demonstrate that he is an employee with chapter 75 appeal rights.

If the appellant sufficiently demonstrates that he is an employee with chapter 75 appeal rights, then he has established good cause for the delay in filing his appeal, and the administrative judge should reverse his termination for lack of minimum due process.

If the appellant on remand shows that he is an employee with chapter 75 appeal rights, then the notice of appeal rights contained in his probationary termination was incorrect. IAF, Tab 8 at 11. *Compare* 5 C.F.R. § 315.806, *with* 5 U.S.C. §§ 7513(d), 7701(a). An appellant bears the burden of proving through preponderant evidence that his appeal was timely filed with the Board.[4] *Kirkland v. Department of Homeland Security*, 119 M.S.P.R. 74, ¶ 5 (2013); 5 C.F.R. § 1201.56(b)(2)(i)(B). The Board will dismiss an untimely appeal unless the appellant establishes good cause for the delayed filing. *Kirkland*, 119 M.S.P.R. 74, ¶ 5. Normally, in order to establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Id.* However, an agency's failure to notify an employee of correct Board appeal rights when such notification is required generally constitutes good cause. *Id.*, ¶ 6; *see Smart v. Department of Justice*, 113 M.S.P.R. 393, ¶ 10 (2010), *overruled on other grounds by Smart v. Department of Justice*, 116 M.S.P.R. 582 (2011); *see also Walker v. Merit Systems Protection Board*, 194 F.3d 1337 (Fed. Cir. 1999) (Table).[5] Thus, when an agency provides inadequate notice of Board appeal rights, the appellant is not required to show that he exercised due diligence in

---

[4] The administrative judge found that the appellant's appeal was untimely filed by almost 10 months. ID at 2. The parties do not challenge this finding, and we see no reason to disturb it on review.

[5] The Board may rely on unpublished decisions of the U.S. Court of Appeals for the Federal Circuit when, as here, we find the court's reasoning persuasive. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

attempting to discover his appeal rights, but rather, must show due diligence in filing the appeal after learning that he could. *Kirkland*, 119 M.S.P.R. 74, ¶ 6.

Here, the appellant asserts that he learned on August 13, 2019, that he was potentially incorrectly labeled as a probationary employee when he was terminated. IAF, Tab 1 at 3. He subsequently filed an initial appeal on August 20, 2019, seven days after learning he could have brought an adverse action appeal. *Id*. at 1. Filing an appeal within 7 days of learning you can amounts to due diligence. *See Kirkland*, 119 M.S.P.R. 74, ¶¶ 7, 9 (finding an appellant exercised due diligence in filing an appeal within 30 days of learning that she could). Accordingly, if the appellant on remand establishes that he is an "employee" with chapter 75 appeal rights, then he has shown good cause for the untimely filing of his appeal. If the appellant is such an employee, then the Board has jurisdiction over the appeal, and the administrative judge would have to reverse the termination, for lack of minimum due process, because the agency terminated the appellant without providing him with the procedural rights he is entitled to under chapter 75. IAF, Tab 8 at 11-14; *see Ajaye El v. U.S. Postal Service*, 52 M.S.P.R. 351, 356-57 (1992); *see also Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 680-81 (1991) (reversing the appellant's termination when the agency failed to provide him minimum due process rights such as prior notice of the charges and an opportunity to respond).

**ORDER**

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.


*Gina K. Grippando*

FOR THE BOARD:            _____
                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.