**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TRANG T. VU,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF THE AIR FORCE,<br>Agency. | DOCKET NUMBER<br>DA-315H-23-0433-I-1<br><br><br>DATE: June 26, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Curtis Mitchell Jr.</u>, Midwest City, Oklahoma, for the appellant.

<u>Petria Pennington</u>, Esquire, <u>Mary Rahimi-Ahrabi</u>, Esquire, and <u>S. Maggie Lanier</u>, Esquire, Tinker AFB, Oklahoma, for the agency.

**BEFORE**
Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        In her petition for review, the appellant continues to contest the merits of her termination. Petition for Review (PFR) File, Tab 1. The merits of the appellant's termination, however, do not pertain to the jurisdictional issue, and we agree with the administrative judge that the appellant did not make a nonfrivolous allegation of jurisdiction entitling her to a hearing. Initial Appeal File (IAF), Tab 10, Initial Decision (ID) at 1-4.

¶3        Only an "employee," as that term is defined in 5 U.S.C. § 7511(a)(1), may appeal an adverse action, like a removal from Federal service, to the Board pursuant to 5 U.S.C. chapter 75. 5 U.S.C. §§ 7512, 7513(d); *see, e.g.*, *Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 8. At the time of the appellant's appointment to her competitive-service position in August 2021, an individual appointed to a permanent competitive-service position at the Department of Defense (DOD) was subject to a 2-year probationary period and only qualified as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii) (2016) and 10 U.S.C. § 1599e (2016) if she was not serving a probationary or trial period under an initial appointment, or if she had completed 2 years of current continuous service under other than a temporary appointment limited to 1 year or less. IAF, Tab 1 at 2, Tab 8 at 30; *see Bryant*, 2022 MSPB 1, ¶ 8. In December 2021, while the

appellant was serving her probationary period, Congress repealed 10 U.S.C. § 1599e and the 2-year probationary period for such DOD appointments. *Bryant* 2022 MSPB 1, ¶ 8. However, this repeal was made effective December 31, 2022, and only applied to individuals appointed on or after that date. 10 U.S.C. § 1599e note; *Bryant* 2022 MSPB 1, ¶ 8. The repeal of 10 U.S.C. § 1599e does not affect the outcome of this appeal. Because the appellant was appointed in August 2021, before the effective date of the repeal, the administrative judge properly concluded that the appellant was serving a 2-year probationary period and lacked the required 2 years of current continuous service at the time of her termination, and therefore that she was not an "employee" with adverse action appeal rights under 5 U.S.C. chapter 75. ID at 2-3; IAF, Tab 1 at 2, Tab 8 at 30; *see Bryant*, 2022 MSPB 1, ¶¶ 8-9.

¶4 We further find that the administrative judge properly concluded that the appellant failed to make a nonfrivolous allegation of jurisdiction pursuant to 5 C.F.R. § 315.806 or any other basis. ID at 3-4. She has not made a nonfrivolous allegation that she was terminated due to discrimination based on marital status or for partisan political reasons, or because of conditions arising before her appointment to the position in question. ID at 3; *see Blount v. Department of the Treasury*, 109 M.S.P.R. 174, ¶ 5 (2008). Absent an allegation that she was terminated for preappointment reasons, she has not made a nonfrivolous allegation that she was entitled to the notice and response procedures afforded under 5 C.F.R. § 315.805, and there is no basis for Board jurisdiction pursuant to 5 C.F.R. § 315.806(c). To the extent that the appellant argues that sources other than 5 C.F.R. § 315.805, such as Air Force Instructions and a collective bargaining agreement, provide her with advanced notice and response rights, we find that these allegations provide no basis for Board jurisdiction. PFR File, Tab 1; IAF, Tab 7.

**NOTICE OF APPEAL RIGHTS**[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1)** **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Gina K. Grippando

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.