**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANGELA HARVEY,<br>            Appellant, | DOCKET NUMBER<br>DC-315H-19-0486-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE,<br>            Agency. | DATE:  February 23, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Angela Harvey, St. Leonard, Maryland, pro se.

Jonathan Mott and Trinh G. Warner, Joint Base Andrews, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction without a hearing. Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the appellant has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). For the reasons discussed below, we FORWARD the appellant's claim of whistleblower reprisal to the regional office with instructions for the administrative judge to docket a new Individual Right of Action (IRA) appeal.

## BACKGROUND

Effective May 1, 2017, the agency awarded the appellant a career-conditional appointment to the competitive service position of GS-07 Contract Specialist, subject to a 2-year initial probationary period. Initial Appeal File (IAF), Tab 1 at 7-8. On April 24, 2019, the agency terminated the appellant for post-appointment reasons under 5 C.F.R. § 315.804. *Id*. at 11-13. On May 6, 2019, the appellant filed a Board appeal and requested a hearing, challenging the merits of her termination and arguing that her termination was in reprisal for whistleblowing and equal employment opportunity (EEO) activity. *Id*. at 2-5. She attached a copy of a whistleblower complaint that she had filed with the Office of Special Counsel (OSC) that same day. *Id*. at 14-25.

The administrative judge issued a jurisdictional order, notifying the appellant of the standards for proving Board jurisdiction over her appeal under 5 U.S.C. chapter 75, 5 C.F.R. part 315, subpart H, and the Whistleblower

Protection Act (WPA). IAF, Tab 3 at 2-6. He ordered her to file evidence and argument on the jurisdictional issue. *Id*. at 6. After the appellant failed to respond within the deadline, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without a hearing. IAF, Tab 5, Initial Decision (ID). The administrative judge found that the Board lacks jurisdiction under 5 U.S.C. chapter 75 because the appellant did not fit the definition of "employee" under 5 U.S.C. § 7511(a)(1)(A). ID at 3-5. He found that the Board lacks jurisdiction under 5 C.F.R. § 315.806 because the appellant did not allege that her termination was based on partisan political reasons or marital status, and he found that the Board lacks jurisdiction under the WPA because the appellant had not yet exhausted her administrative remedies with OSC. ID at 5 & n.4. The administrative judge further found that, to the extent that the appellant was claiming that her termination was based on other prohibited personnel practices, the Board lacks jurisdiction over such claims absent an otherwise appealable action. ID at 5-6.

The appellant has filed a petition for review, arguing that, under agency regulations, her probationary period should have been 1 year rather than 2 years, and otherwise challenging the merits of the termination. Petition for Review (PFR) File, Tab 1 at 9. She has attached numerous documents to her petition for review form. *Id*. at 10-134. The agency has not filed a response.

## ANALYSIS

At the outset, we find that the appellant should have submitted to the administrative judge the evidence and argument that she now submits for the first time on review. Under 5 C.F.R. § 1201.115, the Board will not consider evidence or argument presented for the first time in a petition for review absent a showing that it was previously unavailable despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has made no such

showing here.[2]  Nevertheless, under the particular circumstances of this case, we find it appropriate to waive the regulatory requirement and consider the appellant's late-raised evidence and argument.  *See* 5 C.F.R. § 1201.12.

The appellant does not challenge the administrative judge's findings as they pertain to the Board's jurisdiction under 5 U.S.C. § 315.806 or the WPA. For the reasons explained in the initial decision, we agree with these findings.  ID at 5 & n.2; *see Calixto v. Department of Defense*, 120 M.S.P.R. 557, ¶¶ 20-21 (2014); *Williams v. Department of Defense*, 96 M.S.P.R. 335, ¶ 14 (2004).  To the extent that the appellant is contesting the administrative judge's jurisdictional findings regarding her discrimination and EEO retaliation claims, PFR File, Tab 1 at 9, we agree with the administrative judge that these do not provide an independent source of Board jurisdiction, ID at 5-6; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

Regarding the Board's chapter 75 jurisdiction, the appellant argues that she fits the definition of "employee" under 5 U.S.C. § 7511(a)(1)(A)(i) because she had already completed her 1-year probationary period at the time of her termination.  PFR File, Tab 1 at 9.  Tacitly acknowledging the requirement of 10 U.S.C. §§ 111(b) and 1599e(a), that competitive service appointees in the military departments serve a 2-year probationary period, the appellant argues that Air Force Instruction 36-1001 § 3.1 provides that "[e]mployees who receive a career or career-conditional appointment, and who have not previously completed probation serve a one-year probationary period."  PFR File, Tab 1 at 9, 23.  We find, however, that this Air Force Instruction conflicts with the statute, which

---

[2] Among the documents that the appellant has submitted are several Inspector General complaints that she filed after the close of the record below.  PFR File, Tab 1 at 86-91. Although these documents may have been previously unavailable, the information contained in them was not.  To constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.  *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989).

imposes a mandatory 2-year probationary period. 10 U.S.C. § 1599e(a).[3] The statute allows for the probationary period to be extended, but it does not allow for it to be shortened. *Id*. Where there is an affirmative conflict between a statute and an agency rule or regulation, the Board will follow the statute. *Johnson v. Department of Justice*, 71 M.S.P.R. 59, 67 (1996). We therefore agree with the administrative judge that because the agency terminated the appellant within 2 years of her appointment, she was not an "employee" with chapter 75 appeal rights. ID at 3-5 & n.2; *see* 5 U.S.C. § 7511(a)(1)(A); 10 U.S.C. § 1599e(a), (d).

Nevertheless, we find it appropriate at this time to forward this case to the administrative judge for consideration as an individual right of action (IRA) appeal. The record shows that the appellant filed her OSC complaint on May 6, 2019, and when the initial decision was issued on May 16, 2019, 120 calendar days had not elapsed and the appellant had not shown that OSC had terminated its investigation into her allegations. Therefore, the administrative judge correctly dismissed the IRA appeal for lack of jurisdiction. *See Kochanoff v. Department of the Treasury*, 98 M.S.P.R. 405, ¶ 6 (2005). However, it is the Board's practice to adjudicate an appeal that was premature when it was filed but becomes ripe while pending with the Board. *Id*., ¶ 7. Because more than 120 days have now elapsed since the appellant's May 6, 2019 whistleblower complaint to OSC, her whistleblower claim is ripe for adjudication. *See* 5 U.S.C. § 1214(a)(3)(B); *cf. Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶¶ 7-8 (2007) (remanding an IRA appeal for adjudication that was premature when filed but ripened while the appeal was pending).

Accordingly, we forward the appellant's IRA claim to the administrative judge with instructions to docket a new IRA appeal.

---

[3] The 2-year probationary period for DOD employees has been repealed, but only for appointments made on or after December 31, 2022. *Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 8.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.