**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DA VITTA N. ZEKOLL,<br>　　　　　Appellant, | DOCKET NUMBER<br>DE-315H-19-0165-I-1 |
| 　　　v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　Agency. | DATE: May 31, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Janice L. Jackson, Leavenworth, Kansas, for the appellant.

Kristine H. Bell, Esquire, Fort Leavenworth, Kansas, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

Effective January 8, 2018, the agency appointed the appellant to the competitive-service position of Medical Support Assistant. Initial Appeal File (IAF), Tab 10 at 12-13. The Standard Form (SF) 50 documenting her appointment indicated her appointment was subject to the successful completion of a 2-year probationary period. *Id.* Before the end of her probationary period, however, the agency terminated her from her position for failure to demonstrate the conduct required for retention in the Federal service, effective March 8, 2019. *Id.* at 17; IAF, Tab 1 at 7-11.

The appellant appealed her termination to the Board and requested a hearing. IAF, Tab 1. The administrative judge notified her that the Board may not have jurisdiction over her appeal because probationary employees appointed on or after November 26, 2015, to permanent positions in the competitive service in the Department of Defense (DOD) who have less than 2 years of current, continuous service have limited rights of appeal to the Board. IAF, Tab 3 at 2-5. He apprised her of the ways in which she could establish jurisdiction over her appeal and ordered her to file evidence and argument on the jurisdictional issue. *Id.* In response, the appellant argued that she was not a probationary employee

because she completed a probationary period when she served in a non-appropriated fund (NAF) position with the agency from September 11, 2014, through August 7, 2015, and that, pursuant to a DOD Interchange Agreement, she was not required to serve another one. IAF, Tab 8 at 6-7, 9-16. She further appeared to argue that her prior private sector employment at an agency contractor from March 9, 2015, through August 26, 2016, should count towards completion of her probationary period because she performed the same duties. *Id.* at 7, 18-19. The agency moved to dismiss the appeal for lack of jurisdiction, arguing that the appellant's prior Federal and private sector employment could not be credited towards completion of her probationary period and that she did not meet the definition of an employee with the statutory right to appeal her termination to the Board. IAF, Tab 10 at 4-11. Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID).

The appellant has filed a petition for review of the initial decision, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 3.

## ANALYSIS

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Under 5 U.S.C. chapter 75, subchapter II, an individual who meets the definition of "employee" at 5 U.S.C. § 7511(a)(1) generally has the right to challenge her removal from Federal service by filing an appeal with the Board. *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011). At the time of the appellant's appointment to her position, an individual appointed to a permanent competitive-service position after November 25, 2015, at DOD was subject to a 2-year probationary period and only qualified as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii) if she had completed 2 years of current continuous service. 10 U.S.C. § 1599e(a), (b)(1)(A),

(d), note (repealed 2022); *Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 8.[2] The appellant bears the burden of proving the Board's jurisdiction by preponderant evidence.[3] 5 C.F.R. § 1201.56(b)(2)(i)(A).

In the initial decision, the administrative judge found that the appellant did not satisfy the first definition of a competitive-service "employee" because she was serving a probationary period at the time of her termination. ID at 3-5. In so finding, he determined that her prior service could not count towards completion of her probationary period because she had a break in service of more than 30 days between her appointments. ID at 4-5. On review, the appellant does not challenge the administrative judge's finding that the break in service precludes her prior employment from counting towards completion of her probationary period, PFR File, Tab 1, and we discern no basis to disturb it, *see* 5 C.F.R. § 315.802(b) (providing that prior Federal civilian service counts toward completion of a probationary period if, among other requirements, the prior service was "followed by no more than a single break in service that does not exceed 30 calendar days"). The appellant reiterates her argument, however, that she was not serving a probationary period at the time of her termination because she completed a probationary period while serving in her NAF position and was therefore not required to serve another one pursuant to the DOD Interchange Agreement.[4] IAF, Tab 8 at 7; PFR File, Tab 1 at 5.

---

[2] On December 27, 2021, President Biden signed into law the National Defense Authorization Act for Fiscal Year 2022 (2022 NDAA), Pub. L. No. 117-81, 135 Stat. 1541. The 2022 NDAA repealed the 2-year probationary period for DOD appointments made on or after December 31, 2022, and replaced it with a 1-year probationary period. Pub. L. No. 117-81, § 1106, 135 Stat. 1541, 1950. That change does not affect the outcome of this appeal.

[3] Preponderant evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely true than untrue. 5 C.F.R. § 1201.4(q).

[4] The administrative judge did not explicitly address this argument in the initial decision. Even if such omission was error, however, it was harmless because it did not affect the outcome of the appeal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to

The DOD Interchange Agreement permits Federal agencies to noncompetitively appoint NAF employees to career or career-conditional competitive service appointments and provides, among other things, that employees appointed under the agreement who have previously completed a probationary period are not required to serve a new one. *See* Department of Defense Instruction (DODI) 1400.25, Volume 1403, DOD Civilian Personnel Management System: [NAF] Employment, Enclosure 3, paragraph 8(a) & Appendix (Mar. 20, 2015).[5] The appellant, however, has not provided any evidence reflecting that she was appointed pursuant to the DOD Interchange Agreement.[6] Moreover, she would not have been eligible for an appointment under the agreement in January 2018 because she was not currently holding a competitive service or NAF position, nor had she been "involuntarily separated from such appointment without personal cause within the preceding year." *Id.* Accordingly, we discern no basis to disturb the administrative judge's determination that the appellant was a probationary employee at the time of her termination and thus was not an employee with appeal rights under section 7511(a)(1)(A)(i).

The appellant did not argue below that she met the second definition of employee set forth in section 7511(a)(1)(A), and the administrative judge did not address it. For the first time on review, however, she appears to argue that she

a party's substantive rights provides no basis for reversal of an initial decision).

[5] Although the parties did not submit a copy of DOD Interchange Agreement into the record, they both referenced it in their pleadings. IAF, Tab 8 at 7, Tab 10 at 10. Accordingly, we take official notice of the DOD Interchange Agreement, which is publicly available in the Appendix to Enclosure 3 of DODI 1400.25 at https://www.esd.whs.mil/Portals/54/Documents/DD/issuances/140025/140025_vol1403.pdf (last visited May 30, 2024). *See Willingham v. Department of the Navy*, 118 M.S.P.R. 21, ¶ 18 (2012) (taking official notice of a publicly available Department of Defense Instruction).

[6] The SF-52 requesting the appellant's appointment and the SF-50 documenting her appointment reflect that she was appointed pursuant to the authority of 5 C.F.R. § 315.612, which provides for the noncompetitive appointment of certain military spouses. IAF, Tab 8 at 22, Tab 10 at 13.

qualifies as an employee under this section because she had 1 year of current continuous service at the time of her termination.[7]  PFR File, Tab 1 at 5.  She contends that section 1599e of title 10, which increased the current continuous service requirement in section 7511(a)(1)(A)(ii) from 1 year to 2 years, did not apply to her because she was appointed to her NAF position before November 25, 2015.  *Id.*  We find no merit to this argument.  Section 1599e applied to any individual who, like the appellant, was appointed to a permanent position within the competitive service at DOD after November 25, 2015.[8]  10 U.S.C. § 1599e(b)(1)(A), (d), note (repealed 2022); IAF, Tab 10 at 12.  The fact that the appellant was appointed to, and resigned from, a non-competitive service position at DOD before November 25, 2015, does not remove her January 8, 2018 competitive-service appointment from coverage by section 1599e.  IAF, Tab 8 at 10-16; Tab 10 at 12.  Accordingly, to qualify as an employee with Board appeal rights under section 7511(a)(1)(A)(ii), the appellant must show that she completed at least 2 years of current continuous service in the competitive service without a break in Federal civilian employment of a workday.  *See* 10 U.S.C. § 1599e(d) (repealed 2022); *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010).  Because she served only 14 months in the competitive service preceding her termination, she does not meet the definition of employee set forth in section 7511(a)(1)(A)(ii).

Even when a probationary employee in the competitive service does not have a statutory right of appeal, she may nonetheless have a regulatory right of appeal if she nonfrivolously alleges that her termination was based on partisan political reasons or marital status or if her termination for preappointment reasons was not effected in accordance with the appropriate procedures.  *Harris v. Department of the Navy*, 99 M.S.P.R. 355, ¶ 6 (2005); 5 C.F.R. §§ 315.805-.806.

---

[7] Although the appellant did not raise this argument below, we will address it because the issue of jurisdiction is always before the Board.  *See Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010)

[8] The agency is a component of DOD.  10 U.S.C. § 111(b)(6).

In the initial decision, the administrative judge found that the appellant did not raise such argument, despite being apprised of her right to do so, and thus concluded that the Board did not have jurisdiction pursuant to 5 C.F.R. §§ 315.805-.806. ID at 5-6; IAF, Tab 3 at 3. The appellant has not challenged this finding on review, PFR File, Tab 1, and we discern no basis to disturb it.

In light of the foregoing, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions to provide a comprehensive summary of all available review options. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

¶1    **(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.